**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 08-20064-01-KHV |
| SANDRA GLENN, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's letter (Doc. #54), which the Court construes as a motion to re-sentence defendant and a motion to vacate her sentence under 28 U.S.C. § 2255, filed January 3, 2011. For reasons stated below, the Court overrules defendant's motion.

**I.     Motion To Re-Sentence Defendant**

On December 28, 2009, the Court sentenced defendant to 240 months in prison. Defendant asks the Court to re-sentence her. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See id.; Fed. R. Crim. P. 35 (authorizes re-sentencing to correct illegal sentence on remand from court of appeals,

to reflect defendant's substantial assistance on motion of the government, and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to re-sentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to re-sentence defendant at this time.[1]

## II. Section 2255 Motion

In her letter, defendant asserts as follows:

> With all due respect to my attorney . . . I was very upset with him as well. Maybe more than anyone else. I trusted him of all people because he was my attorney and I paid him $15,000.00 to represent me. I have felt all along that I signed a plea agreement that I should never have signed. I thought eventually my attorney would come forward with something positive . . . ANYTHING POSITIVE. Anything to help me. Once again I felt very betrayed. My whole savings was gone. I felt he did nothing. I've come to accept not everything in life is fair.

Doc. #54 at 3. Liberally construed, defendant asserts under 28 U.S.C. § 2255 that counsel was ineffective because he did not come forward with any positive information to reduce her sentence below 240 months.[2]

---

[1] In her letter, defendant asks for "pardon, mercy, understanding or favor" with the apparent understanding that this matter has been scheduled for re-sentencing. Doc. #54 at 1, 6-7. The government has not filed a Rule 35 motion or otherwise requested that the Court re-sentence defendant. If the government files such a motion in the future, the Court will consider defendant's letter in conjunction with the government's request.

[2] The Tenth Circuit has cautioned district courts against re-characterizing a motion as a Section 2255 motion without the petitioner's consent because it could trigger a bar on a successive Section 2255 motion. See United States v. Apodaca, 90 Fed. Appx. 300, 303 (10th Cir. Jan. 30, 2004). In this case, however, the one-year deadline under Section 2255 expired on or about January 20, 2011. Because defendant cannot timely assert any other initial Section 2255 motion absent a specific statutory exception, she is not prejudiced if the Court construes her present letter under Section 2255.

Defendant's claim appears to be barred because in the plea agreement, she waived her right
(continued...)

-2-

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

Defendant has not shown that counsel's performance was deficient. Defendant suggests that she had second thoughts about signing the plea agreement, but she has not specifically alleged that

---

[2](...continued)
to file collateral challenges. See United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003). A court may raise procedural bars *sua sponte* but must afford the movant an opportunity to respond to the defenses. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); see also United States v. Barajas-Diaz, 313 F.3d 1242, 1247 (10th Cir. 2002) (court may raise procedural bar *sua sponte* where transcendent interests served by that defense warrant it). Because defendant's claim obviously lacks merit, in the interests of judicial efficiency, the Court proceeds directly to the merits of defendant's claim. See United States v. Allen, 16 F.3d 377, 378-79 (10th Cir. 1994) (court may raise and enforce procedural bar *sua sponte* if doing so furthers interests of judicial efficiency, conservation of scarce judicial resources and orderly and prompt administration of justice).

counsel's performance was deficient in any material respect. Indeed, in the plea petition and during the plea colloquy, defendant acknowledged that she was satisfied with counsel's performance. The fact that defendant did not receive a sentence below the mandatory minimum does not suggest that counsel's performance was deficient. Defendant pled guilty to an offense which she acknowledged carried a mandatory minimum term of 20 years in prison. Accordingly, absent extensive cooperation or other extraordinary circumstances, defendant could not expect that any attorney could have raised objections or presented evidence which would have lowered her sentence below the statutory minimum.[3]

In any event, defendant cannot establish prejudice, that is a reasonable probability that if she had known that counsel would not come up with any positive information to reduce her sentence below 240 months, she would not have pled guilty. To show prejudice in the guilty plea context, defendant must show a reasonable probability that but for counsel's errors, she would not have pled guilty and would have insisted on going to trial. United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002); Miller v. Champion, 262 F.3d 1066, 1068-69 (10th Cir. 2001). While defendant asserts that she should have never signed the plea agreement, she does not allege that if she had known that counsel would fail to come forward with positive information at sentencing, she would have insisted on going to trial. Because defendant pled guilty with the understanding that the

---

[3] Except in limited circumstances, the Court simply lacks authority to sentence a defendant below the statutory minimum. Defendant does not allege that any exception applies here. See, e.g., 18 U.S.C. § 3553(e) (reduction below statutory minimum for substantial assistance); 18 U.S.C. § 3553(f) (reduction permitted if (1) defendant has no more than one criminal history point, (2) violence or threat of violence not part of offense conduct, (3) offense did not result in death or serious bodily injury, (4) defendant was not organizer, leader, manager, or supervisor of others and not engaged in continuing criminal enterprise and (5) no later than time of sentencing hearing, defendant has truthfully provided all information and evidence defendant has concerning offense or offenses that were part of same course of conduct or of common scheme or plan).

mandatory minimum sentence was 240 months, which was ultimately her sentence, she cannot establish that counsel's alleged deficient performance at sentencing was prejudicial.

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle her to relief. Accordingly, no evidentiary hearing or response by the government is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[4] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right.

---

[4] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #54), which the Court construes as a motion to re-sentence defendant and a motion to vacate her sentence under 28 U.S.C. § 2255, filed January 3, 2011 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to the Court's ruling on defendant's motion under 28 U.S.C. § 2255.

Dated this 14th day of February, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
